210

KATA, APPELLANT, v. THE SECOND NATIONAL BANK OF
WARREN ET AL., APPELLEES.

[Cite as Kata v. Second National Bank (1971),
26 Ohio St. 2d 210.]

(No. 70-232—Decided June 23, 1971.)

*Messrs. Letson, Letson, Griffith & Kightlinger, Mr. William N. Letson* and *Mr. David L. Orosz*, for appellant.

*Messrs. Hoppe, Frey, Hewitt & Milligan, Mr. John T. Milligan* and *Messrs. Wern & Swift*, for appellees.

STERN, J. Paragraph six of the syllabus in *Kennedy* v. *Walcutt* (1928), 118 Ohio St. 442, states:

"In a will contest, by virtue of the statute, the burden of proof is cast upon the contestant of the will and such burden never shifts from him."

R. C. 2741.05 reads:

"On the trial of the issue made up as provided in Section 2741.04 of the Revised Code, the order of probate is prima facie evidence of the attestation, execution, and validity of the will or codicil."

What was stated in paragraph three of the syllabus in *Stevens* v. *Indus. Comm.* (1945), 145 Ohio St. 198, is equally applicable to this case:

"It is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden."

The evidence produced in this case was, at best, equally susceptible of substantiating either of two opposing

theories. On the one hand, as plaintiff argued, these facts indicate that the decedent, influenced throughout her life by her obsession or delusion to deny the existence of her illegitimate daughter, continued under the influence of this delusion or obsession through the time of executing her will. Yet, the very same evidence establishes the economic pressure and social embarrassment under which the decedent, while maintaining her mental agility and memory, labored, the reasonable inference from such testimony being that the decedent desired to hide her relationship to the plaintiff, even in her will.

In our society, it is a fundamental right of every individual to be able to dispose of his property, in accordance with the law, as he deems desirable.

To engage in conjecture is beyond the perimeter of the jury's prerogatives. Viewing this evidence in the light most favorable to the plaintiff, it is apparent that at the core of this case is a controversy between, at best, two equally permissible and reasonable interpretations.

In the case at bar, an analysis of the record reveals that the plaintiff has failed to provide probative evidence on the issue of the decedent's testamentary incapacity at the time when she executed her will in 1961. Therefore, the judgment of the Court of Appeals must be affirmed.

*Judgment affirmed.*

O'Neill, C. J., Herbert, Corrigan and Leach, JJ., concur.

Schneider and Duncan, JJ., dissent.

Leach, J., concurring. I concur in the syllabus and in the judgment. I do not agree, however, that this is a controversy between "two equally permissible and reasonable interpretations." In my opinion this is a case where "reasonable minds," *by the application of the proper law,* can come to but one conclusion, *i. e.,* that there was a failure of proof that decedent lacked sufficient *mind* and *memory* to be *able* to appreciate her relation to her illegiti-

mate daughter. The issue in a will contest case, such as this, is not whether a decedent does truly "appreciate" such a relationship in the light of the current social mores, but whether the decedent lacked testamentary capacity. *Niemes* v. *Niemes* (1917), 97 Ohio St. 145. Here there was no proof which would warrant a conclusion that decedent was other than of "sound mind and memory" within the legal meaning of these words in R. C. 2107.02.

O'NEILL, C. J., and HERBERT, J., concur in the foregoing concurring opinion.