**In re ESTATE OF CARMEDY.**

[Cite as *In re Estate of Carmedy* (1994), 95 Ohio App.3d 572.]

Court of Appeals of Ohio,
Franklin County.

No. 94APF03–316.

Decided Aug. 18, 1994.

*Ulmer & Berne* and *Benjamin S. Zacks,* for appellant.

*Delligatti, Hollenbaugh & Briscoe* and *Joseph F. Frasch, Jr.,* for appellee.

WHITESIDE, Presiding Judge.

This is an appeal by appellant, Sharon L. Farley, from an order of the Franklin County Court of Common Pleas, Division of Probate ("probate court"), to admit to probate an alleged will of Francis J. Carmedy and to set aside an order of the probate court of March 2, 1993, admitting another will to probate.

The matter was referred by the probate court to a referee who, after an evidentiary hearing, rendered a report recommending that the alleged will not be admitted to probate because it was defectively executed and that it not be considered a revocation of the earlier will admitted to probate. Objections to the referee's report were filed, and the probate court overruled the objections to the referee's report and adopted the recommendation that appellant's application to probate the alleged will be overruled and also that the document offered by her is insufficient to revoke the decedent's prior will. Appellant timely appealed to this court and raises two assignments of error, which she has labelled "Statement of Issues Presented":

"1. The probate court erred in refusing to admit decedent's will to probate."

"2. The probate court erred in failing to revoke decedent's prior will."

The findings of fact by the referee indicate that the decedent died on February 23, 1993, and had executed a will on April 6, 1977, subscribed in the presence of three witnesses, who signed their names to the will, which document was admitted to probate on March 2, 1993. The alleged will appellant sought to have admitted to probate did not contain the signature of two witnesses and was not witnessed by two witnesses but, rather, contained an acknowledgement before a notary public, who testified that she took the decedent's oath and asked him if he was executing the document of his own free will.

The executor and beneficiary under the will admitted to probate, James Ray Puckett, is the stepson of the decedent and indicated that he knew of no other relatives of the decedent. Two witnesses testified that the decedent had told them that he had executed a will, leaving everything to appellant, who testified that the decedent gave her the alleged will the day after it was notarized and told her it was what he wanted her to have.

The referee recommended a finding that the will does not meet the mandatory requirements of R.C. 2107.03 for making a will, which provides in pertinent part that:

"Except oral wills, every last will and testament shall be in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it, or by some other person in such party's presence and at his express direction, and be attested and subscribed in the presence of such party, by two or

more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature."

The referee found this requirement not to have been met, since the alleged will was witnessed by only one witness, rather than two. He also recommended a finding that the document did not constitute a revocation of prior wills because it did not meet the requirements of R.C. 2107.33(A), even though it (the alleged will) contained a statement that "I also declear [*sic*] all other LAST WILL [*sic*]: NULL AND VOID as of t his [*sic*] date."

■ In *In re Estate of Lyons* (1957), 166 Ohio St. 207, 2 O.O.2d 26, 141 N.E.2d 151, it was held by the Supreme Court that the probate court should admit to probate a will which is complete and regular in appearance if there is substantial evidence tending to prove that fact. Appellant contends that that rule should be applied here, even though on its face the will does not comply with the statutory requirements of R.C. 2107.03. Thus, we have the converse of the situation involved in *In re Estate of Lyons* in that, here, there is substantial evidence that the will was not attested and executed according to law (being witnessed by and subscribed by only one witness), even though there is also evidence tending to indicate an intent by the testator to make a will consistent with the laconic language of the alleged will in question.

Here, the alleged will is defective on its face. The testimony of the witnesses of the decedent's intent as expressed to them cannot substitute for the statutory formality required for the validity of the will. Neither witness testified that the decedent requested them to witness the will, nor that the decedent acknowledged his signature to them. A will signed or acknowledged in the presence of only one witness who subscribes the will is not sufficient. The statute requires two witnesses, and this is mandatory for a will to be admitted to probate.

The statute does not permit a document not witnessed and subscribed by two witnesses to be admitted to probate as the last will and testament of the decedent merely on the basis that the decedent told some witnesses that it was his intention to dispose of his property in the manner set forth in the will, without asking them to witness either his signature or acknowledgement of the will. Appellant has not made a *prima facie* showing of validity of the will in question. R.C. 2107.18 provided that:

"The probate court shall admit a will to probate if it appears from the face of the will * * * that its execution complies with the law in force at the time of execution * * *."

■ In addition, the statute provided that the probate court shall admit a will to probate if it appears "from the testimony of the witnesses that its execution complies with the law in force at the time of execution" if such testimony is

"demanded under section 2107.14 of the Revised Code." That section, however, provided that:

"Upon demand by an interested party, the probate court shall cause at least two of the witnesses to a will, and other witnesses whom a person interested in having the will admitted to probate may desire to have appear, to come before the court. * * *"

In other words, the import of R.C. 2107.18, together with former R.C. 2107.14, is that a will should be admitted to probate if it appears on its face to comply with the requirements of R.C. 2107.03 (or other applicable law), unless an interested person demands testimony of at least two witnesses to the will as to the execution of the will. Here, there was only one witness, and the provisions of former R.C. 2107.14 could not be complied with.

The other witnesses were not witnesses to the will, although they were persons who are permitted to testify under the provisions of former R.C. 2107.14, as "other witnesses whom a person interested in having the will admitted to probate may desire to have appear." Nevertheless, testimony of such other witnesses is not a substitute for there being two witnesses to the will, as required by R.C. 2107.03. Accordingly, the probate court did not err in denying appellant's application to have the writing submitted by her admitted to probate as the last will of the decedent, Francis J. Carmedy. The first assignment of error is not well taken.

■ By the second assignment of error, appellant contends that the trial court erred in refusing to find that the writing offered by her did not operate as a revocation of the earlier will, which had been admitted to probate by an earlier order of the court. From her testimony, it appears that appellant is not an heir of the decedent but, instead, was a friend who would inherit, if at all, only through the document she sought to have admitted to probate. Since there was no error in the trial court's refusing to admit such writing submitted by appellant to probate as the last will and testament of Francis J. Carmedy, it is difficult to conceive how appellant is an aggrieved party by the order of the trial court refusing to set aside the admission to probate of the earlier will on the ground that it had been revoked. R.C. 2107.22 provides in pertinent part:

"(A)(1)(a) When a will has been admitted to probate by a probate court and another will of later date is presented to the same court for probate, * * * [t]he probate court may admit the will of later date to probate the same as if no earlier will had been so admitted if it appears from the face of the will of later date, or * * * it appears from the testimony of the witnesses to the will in the jurisdiction in which it was executed, that the execution of the will complies with the law in

force at the time of the execution of the will in the jurisdiction in which it was executed, or with the law in force in this state at the time of the death of the testator * * *.

" * * * *

"(3) If a probate court admits a will of later date to probate, or an authenticated copy of a will of later date to record, its order shall operate as a revocation of the order admitting the will of earlier date to probate * * *."

Therefore, the determination concerning the *prima facie* validity of the writing purporting to be a will of later date is conclusive upon the issue of whether the earlier will should be set aside, unless there is some other type of action, such as that under R.C. 2107.71, which provides in pertinent part:

"(A) A person interested in a will or codicil admitted to probate in the probate court * * * may contest its validity by a civil action in the probate court in the county in which such will or codicil was admitted to probate."

In other words, since the earlier will had been admitted to probate, the effectiveness of the purported later revocation can be raised only in a will-contest action brought by a person interested in the will, where there is no later will admitted to probate pursuant to R.C. 2107.22. Here, there is no such later will, since the later writing purporting to be a will was not properly executed in accordance with law. Accordingly, the second assignment of error is not well taken.

For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Probate, is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.