## In re ESTATE OF SMITH.

[Cite as *In re Estate of Smith* (1997), 120 Ohio App.3d 480.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 96CA2214.

Decided June 2, 1997.

*Catanzaro & Rosenberger* and *Robert N. Rosenberger*, for appellant, executor Martha Overly.[1]

*Thomas M. Spetnagel*, Guardian *ad Litem* for appellees, Lincoln Scott Smith and Christopher Smith.

*James E. Barrington*, Guardian *ad Litem* for appellees, Krystal Smith and Rhennon Smith.

*Margulis, Gussler, Hall & Hosterman* and *Stephen S. Gussler*, for appellee Jeffrey S. Smith.

STEPHENSON, Presiding Judge.

This is an appeal from an April 29, 1996 judgment in which the Probate Division of the Court of Common Pleas of Ross County denied an application to probate the will of Mildred W. Smith. Smith's daughter, Martha Overly, executor of the estate, appeals the judgment of the probate court, assigning the following errors for our review:

"I. The court's finding of 'restraint' is against the manifest weight of the evidence.

"II. The court's conduct and decision in the hearing below is an abuse of discretion."

---

1. Appellant was represented by different counsel in the proceedings below.

The record reveals the following facts pertinent to this appeal. Mildred W. Smith died testate on February 12, 1996.[2] A one-page document, purporting to be Smith's will, was offered for probate on March 13, 1996, pursuant to an application filed by appellant, Smith's daughter and the executor of her estate. The second numbered paragraph of the typewritten document provided as follows:

"All the property, real and personal, of every kind and description, which I may own or have the right to dispose of at the time of my demise, I give, bequeth [sic] and devise to my three daughters, Virginia S. Baird, Katheryn S. Jones, and Martha S. Overly and my son, Robert E. Smith (now deceased), absolutely and in fee simple or their lineal decendants [sic] *per stirpes*."

Immediately following the word "Overly" in this paragraph, there appears on the face of the document a handwritten interlineation which provides "and my son, Robert E. Smith (now deceased)." This interlineation is followed by the initials "M.W.S."

On the day the document was offered for probate, the probate court filed a journal entry setting the application for hearing on April 22, 1996. The court directed appellant to give notice of the hearing to the testator's next of kin and to all persons with an interest in contesting the will. The court ordered the two subscribing witnesses and other persons having an interest in having the will admitted to probate to appear at the hearing to be examined.

Following the April 22, 1996 hearing, the probate court filed a journal entry in which the court denied the application, finding that Smith was not legally capable of executing the document offered as her last will and testament, as she was under restraint at the time of the document's execution.[3] It is from this April 29, 1996 journal entry that appellant now appeals.

■ For the sake of clarity, we address appellant's assignments of error in reverse order. In her second assignment of error, appellant argues that the probate court went beyond the scope of the hearing in this matter, turning the hearing into a will contest. We disagree.

---

**2.** There was some testimony at the hearing conducted in this matter that the testator actually died on February 16, 1996. However, aside from this reference at the hearing, all other evidence of record indicates that the testator died on February 12, 1996.

**3.** We note that while the probate court stated at the hearing in this matter that "[t]he issue before the Court is whether or not the interlineation which was made in this document was made before or after the execution thereof," the court's entry makes no mention of the matter of the interlineation.

Pursuant to R.C. 2107.18, the probate court must admit a will to probate if it "appears" (1) "from the face of the will," or (2) from "the testimony of the witnesses to a will," that the execution of the will complies with "the law in force" at either the time of execution or the time of the testator's death. An application proceeding pursuant to this section is not an adversarial proceeding. *Palazzi v. Estate of Gardner* (June 30, 1986), Butler App. No. CA85–10–135, unreported, 1986 WL 7386, affirmed (1987), 32 Ohio St.3d 169, 512 N.E.2d 971. There is no issue for contest between proponents and opponents of the will. *In re Will of Elvin* (1946), 146 Ohio St. 448, 32 O.O. 534, 66 N.E.2d 629, syllabus. The court merely considers the evidence favorable to the will's validity to determine as a matter of law whether a prima facie case has been made. *Id.* at 453, 32 O.O. at 536, 66 N.E.2d at 631–632. Once a prima facie showing of validity is made out, the probate court must admit the will to probate, notwithstanding conflicts in the evidence. *Id.* at syllabus. The probate court is not authorized to weigh the evidence or act as trier of fact. *In re Estate of Lyons* (1957), 166 Ohio St. 207, 2 O.O.2d 26, 141 N.E.2d 151, paragraph one of the syllabus.

In this case, the law in force at the time of both the execution of the document and at the time of the testator's death required that every last will and testament (1) be in writing, (2) be signed at the end by the testator or some other person in his presence and at his direction, and (3) be attested and subscribed in the testator's presence by two or more witnesses who saw him subscribe or heard him acknowledge his signature. R.C. 2107.03. The law in force also required that a person making a will be (1) age eighteen or over, (2) of sound mind and memory, and (3) not under restraint. R.C. 2107.02. Thus, if the uncontradicted evidence adduced from the face of a will and/or from the testimony of the will's witnesses establishes as a matter of law that the testator was under restraint, the will's proponents fail to make a prima facie showing of the will's validity and the probate court may properly deny the application to probate.

In light of the above, we reject appellant's contention that the probate court "went far beyond the scope of the hearing, abusing [its] discretion by essentially turning the hearing into a will contest * * *." An allegation of undue influence is, of course, properly the subject of a will contest action between the proponents and opponents of a will. A probate court is not required, however, to turn a blind eye toward this issue when conducting application proceedings. Indeed, prior to its amendment in 1975, R.C. 2107.18 specifically incorporated elements of both R.C. 2107.02 and 2107.03 as issues to be considered, providing as follows:

"The probate court shall admit a will to probate if it appears that such will was made by one of lawful age and attested and executed according to the law in force at the time of execution * * * [or] death * * * and if it appears that the testator

at the time of executing such will was of sound mind and memory, and not under restraint."

The 1975 amendments struck the "of lawful age," "of sound mind and memory," and "not under restraint" language from the statute, as well as the "attested and executed" language. See Am.Sub.S.B. No. 145, 136 Ohio Laws, Part I, 343–344. The statute now simply provides that a will be admitted if it "appears * * * that the execution of the will complies with the law in force * * *." We find that this broad language does, and was intended to, effectively encompass the elements of both R.C. 2107.02 and 2107.03, *supra*, which had previously been explicitly set forth in the statute. Thus, we believe the General Assembly intended that issues of lawful age, sound mind and memory, restraint, and attestation and execution, which may arise from the face of the will or from the testimony of the witnesses to a will, continue to be considered when a probate court determines whether a prima facie showing of a will's validity has been made.

We find support for this conclusion in the Ohio Supreme Court's construction of R.C. 2107.74, which provides that an order admitting a will to probate is prima facie evidence of the "attestation, execution and validity" of the will.[4] Construing this statute, the Supreme Court of Ohio has found that " '[a] presumption arises from the order of admission of the will to probate that the testator was free from restraint. * * *' " *Krischbaum v. Dillon* (1991), 58 Ohio St.3d 58, 64, 567 N.E.2d 1291, 1297, quoting *West v. Henry* (1962), 173 Ohio St. 498, 502, 20 O.O.2d 119, 121–122, 184 N.E.2d 200, 203; *Kata v. Second Natl. Bank* (1971), 26 Ohio St.2d 210, 55 O.O.2d 458, 271 N.E.2d 292; *Kennedy v. Walcutt* (1928), 118 Ohio St. 442, 161 N.E. 336; *Hall v. Hall* (1908), 78 Ohio St. 415, 85 N.E. 1125. Such a finding includes, by implication, a finding that the subject of restraint was, in the first instance, cognizable by the probate court in an admission proceeding.

Additionally, we note that the probate court heard testimony only from the two witnesses to the will and from the appellant. The court did not allow testimony from parties opposed to the admission of the will and did not otherwise conduct an "adversary" proceeding.

For these reasons, we find that the probate court did not exceed the scope of the application proceedings in considering the issue of restraint.[5] Accordingly, appellant's second assignment of error is overruled.

---

**4.** R.C. 2107.74 provides as follows:

"On the trial of any will contest under section 2107.71 of the Revised Code, the order of probate is prima-facie evidence of the attestation, execution, and validity of the will or codicil. The contesting party may call any witness to the will as upon cross-examination."

**5.** Appellant has alleged no procedural errors on the part of the court below. Accordingly, we express no opinion as to that aspect of the proceedings. We do, however, wish to observe that

■ Having concluded that the issue of restraint was one properly cognizable by the probate court within the confines of an admission proceeding, we now turn to appellant's remaining assignment of error. Appellant contends, in his first assignment of error, that the probate court erred in finding that the testator was under restraint. Because we find that there is evidence in the record which would enable a reasonable mind to find that the testator was not under restraint, see *Lyons, supra,* 166 Ohio St. 207, 2 O.O.2d 26, 141 N.E.2d 151, syllabus, appellant's first assignment of error is sustained.

■ In the instant case, the probate court, citing R.C. 2107.02, found that the testator was not legally capable of executing the document offered as her last will and testament because she was under restraint. While not specifically so stating, the court below appears to have engaged in an undue-influence analysis. "Restraint," as used in R.C. 2107.02, includes the concept of "undue influence." 1 Merrick–Rippner, Probate Law (5 Ed.1997) 400, Section 26.10. The courts of this state have found undue influence when a testator is restrained from disposing of property in accordance with his own wishes, substituting instead the wishes of another. *Hamilton v. Hector* (1997), 117 Ohio App.3d 816, 691 N.E.2d 745, citing *West v. Henry,* 173 Ohio St. 498, 20 O.O.2d 119, 184 N.E.2d 200. The requisite elements of undue influence are (1) a "susceptible" testator; (2) another's opportunity to exert undue influence on the testator; (3) improper influence exerted or attempted; and (4) a result showing the effect of such influence. *Nelson v. Daniels* (Sept. 5, 1995), Lawrence App. No. 94CA29, unreported, 1995 WL 535200; *Redman v. Watch Tower Bible & Tract Soc. of Penn.* (1994), 69 Ohio St.3d 98, 101, 630 N.E.2d 676, 678–679; *West v. Henry,* 173 Ohio St. at 501, 20 O.O.2d at 121–122, 184 N.E.2d at 202; *Doyle v. Schott* (1989), 65 Ohio App.3d 92, 95–96, 582 N.E.2d 1057, 1059–1060; *Birman v. Sproat* (1988), 47 Ohio App.3d 65, 68, 546 N.E.2d 1354, 1357–1358; *Rich v. Quinn* (1983), 13 Ohio App.3d 102, 103, 13 OBR 119, 120–121, 468 N.E.2d 365, 367–368.

The evidence of record in this case shows that at the time of the purported will's execution, the testator was in poor physical health. The testator was wheelchair bound, confined in a rest home, and she died less than two weeks after

the order in this case was entered after a single hearing. Thus, there was less than strict compliance with R.C. 2107.181, which provides as follows:

"If it appears that the instrument purporting to be a will is not entitled to admission to probate, the court shall enter an interlocutory order denying probate of the instrument, and shall continue the matter for further hearing. * * * Upon further hearing, witnesses may be called, subpoenaed, examined, and cross-examined in open court or by deposition, and their testimony reduced to writing and filed in the same manner as in hearings for the admission of wills to probate. Thereupon, the court shall revoke its interlocutory order denying probate to the instrument, and admit it to probate, or enter a final order refusing to probate it. A final order refusing to probate the instrument may be reviewed on appeal."

executing the document. Evidence of poor physical health, however, does not establish that a testator is "susceptible" to the influence of others.[6]

There is no evidence in the record which would tend to show that the testator was of a weakened or susceptible mental state at the time of the document's execution. In fact, there is evidence in the record from which a reasonable mind could infer that the testator was of sound mind, was not susceptible, and was not under restraint. The evidence shows that upon reviewing the purported will, the testator understood the provisions of the document, expressed her dissatisfaction with the terms of the will, and directed inclusion of a provision for her deceased son's heirs. This evidence could lead a reasonable mind to conclude that the testator was of sound mind and not susceptible, and that she was not, in fact, restrained from disposing of her estate in accordance with her own wishes.

Thus, the probate court erred in denying the application for probate. Only by improperly finding facts and weighing evidence could the probate court have concluded in this case that the testator was under restraint. Accordingly, appellant's first assignment of error is sustained.

Having considered the foregoing errors assigned and argued in the briefs, the decision of the probate court is hereby reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE and HARSHA, JJ., concur.

---

**6.** We note that the probate court appears to have relied in its decision on information gleaned through involvement with the recent probate of the estate of the testator's deceased husband, Walter Smith. Indeed, the court quotes, at length, language from Walter Smith's will in its opinion. The will of Walter Smith was clearly not before the court in this proceeding and should not have been relied upon by the court in this manner. We find this error, however, to be harmless in light of our disposition of this case.