This accelerated appeal was taken from the May 28, 1998 judgment of the Erie County Court of Common Pleas, Probate Division, which denied admission to probate of a purported joint codicil to the Last Wills and Testaments of Edward J. Baxter, deceased, and Doris A. Baxter, deceased. On appeal, Edward J. Baxter, Jr., appellant, asserts the following assignments of error:
 "Assignment of Error No. 1: The Probate Court's Refusal To Admit The Codicil (Proponent's Exhibit 2; copy attached) To Probate Was Contrary To The Law And To The Evidence.
 "Assignment of Error No. 2: The Probate Court Erred In Taking Any Testimony Of A Non-Subscribing Witness, Despite Clear Objection, Against The Admission Of The Codicil.
 "Assignment of Error No. 3: The Probate Court Erred In Weighing The Evidence In This Proceeding, i.e., In Finding That The Proponent `Failed To Provide Substantial Evidence' Of Compliance With R.C. Sec. 2107.03."
On June 29, 1994 and February 27, 1997, the wills of Edward J. Baxter, deceased, and Doris A. Baxter, deceased, were admitted to probate. Both wills were executed on December 17, 1981. Doris A. Baxter served as the fiduciary of her husband's estate until her death in 1997. After her death, one of the couple's children, Kevin Baxter, became the fiduciary for both estates. Discovered among Doris A. Baxter's papers was a document which appellant asserts is a joint codicil to his parents' wills.
On October 10, 1997, the fiduciary offered the purported codicil for probate in connection with both estates pursuant to R.C. 2107.22. On October 16, 1997, two of the beneficiaries, James W. Baxter and Judy A. Monaghan, filed a Demand to Take Testimony Concerning Documents Presented for Probate as Later Wills/Codicils pursuant to R.C. 2107.22. Appellant opposed the demand for a hearing arguing that R.C. 2107.22 was not applicable to the issue of admitting a codicil to probate (he argued that R.C. 2107.18 is the controlling statute), that the statute gives the court discretion to hold a hearing but does not give beneficiaries the power to demand a hearing, and that the purported codicil should be admitted to probate because it is valid on its face.
The purported joint codicil is handwritten and reads in its entirety as follows:
 "February 5th, 1992 To Whom it May Concern. Edward J. Baxter, M.D. and Doris Ann Baxter in case of our deaths [we] sic want Edward J. Baxter, our son to receive 80% of Drive and Shop and 20% to our children Judy, Jim, Kevin, Nancy, Brian and Shawn.
/s/ June Sondergeld
/s/ Joan Butler
The 20% be given only when the company can afford it.
/s/ Doris A. Baxter
 /s/ Edward J. Baxter
/s/ Rebecca J. Spring
REBECCA J. SPRING
Notary Public, State of Ohio
My Commission Expires 3-25-96"
On April 21, 1998, the court held a hearing regarding the issue of admitting the purported codicil to probate. The court did not indicate whether it was proceeding under R.C.2107.18 or R.C. 2107.22.
The following evidence was presented at the hearing. Rebecca Spring, who notarized the codicil, testified that she recognized her signature and the signatures of the Baxters; but, she had no independent recollection of the day the document was signed. She also could not recall if the signatures of the witnesses were on the document when she notarized it. However, she testified that she was a long-term employee of Dr. Baxter and often notarized documents for him. She recalled that as a matter of practice, the Baxters always signed documents to be notarized in Spring's presence.
Joan Butler, another witness to the execution of the codicil, testified that she was a long-time employee of Dr. Baxter and recalled witnessing the signing of various documents for the Baxters. She could not recall ever witnessing their signatures without the Baxters signing in her presence. Butler recognized her signature and the signatures of the Baxters on the codicil, but had no independent recollection of the signing of the document. Butler also testified that she is currently employed by Brian Baxter, one of the beneficiaries.
June Sondergeld, the third witness to the execution of the codicil, testified that she also was a long-time employee of Dr. Baxter and often witnessed the signing of documents for him. She recalled that most of the time, Dr. Baxter had already signed the document before she and Butler were called to his office; but, he would acknowledge that he had signed the document and would ask them to witness his signature. Sometimes, Mrs. Baxter would be present to sign documents as well. If Mrs. Baxter had signed a document outside of Sondergeld's presence, Mrs. Baxter also acknowledged her signature and then asked Sondergeld to sign as a witness. As to the codicil, Sondergeld recalled signing the documents because the Baxters were going to Ireland and wanted the codicil signed in case something happened to them while on their trip. She recalled Dr. Baxter signing the document in her presence. However, she could not recall Mrs. Baxter being present. Sondergeld believed that Mrs. Baxter was in another part of the building and that Dr. Baxter brought the document to Sondergeld already signed.
Over appellant's objection, Kevin Baxter, the fiduciary, testified that he recalled his father asking whether the codicil was legally valid. Kevin Baxter examined the document and saw that it contained only a notary signature in addition to his parents' signatures. There were no other signatures on the document. He then advised his father that a valid Ohio will must be witnessed by two people.
In a decision dated May 28, 1998, the court held that the proponents of the alleged codicil failed to provide substantial evidence demonstrating that the statutory requirements of R.C. 2107.03 had been met. Therefore, the court denied admittance of the codicil to probate. Edward J. Baxter then filed a timely appeal to this court from that decision.
In his first and third assignments of error, appellant argues that the trial court erred by concluding that the codicil was invalid. Appellant contends that the probate court was required to proceed under R.C. 2107.18, not R.C. 2107.22; that there was substantial evidence that the testator signed the codicil in the presence of the witnesses or that the testator acknowledged his signature in the presence of the witness; and that since the codicil is valid on its face, it must be presumed to be valid.
R.C. 2107.18[1] governs the admission of a will to probate. The term "will" includes a codicil to a will. R.C.2107.01. R.C. 2107.22[2] governs the admission to probate of a later will after an earlier will has already been admitted to probate. Appellant argues that while the legislature used the term "will" in both statutes, it could not have intended its use in R.C. 2107.22 to refer to more than a Last Will and Testament. Otherwise, an order admitting a codicil discovered after the Last Will and Testament had already been admitted to probate would revoke the court's earlier order and leave only the codicil to be probated. The legislature could not have intended such a result.
However, the use of the word "will" is appropriate if we consider the definition of a codicil. A codicil is an addition to a Last Will and Testament. Properly executed, it operates as a part of the Last Will and Testament, modifying and republishing it. Collier v. Collier's Executors (1854), 3 Ohio St. 369, syllabus, and Clark v. Carpenter (1921), 14 Ohio App. 278, 282. Therefore, when a codicil is discovered after the Last Will and Testament has been admitted to probate, the court must proceed under R.C. 2107.18 to admit the codicil so that it is joined with the Last Will and Testament. If an additional codicil which revokes or alters the first Last Will and Testament or codicil is found, the court must proceed as directed under R.C. 2107.22.
In this case, the codicil is not inconsistent with the Last Wills and Testaments of the Baxters. The codicil does alter the final disposition of the couples' assets but does so merely by adding a specific bequest and devise of their corporation to their son, appellant. Therefore, we find that, if valid, the document is a purported joint codicil to the original wills.
Consequently, the probate court in this case should have proceeded under R.C. 2107.18 to admit the codicil to probate even though it was discovered after the Last Will and Testament had been admitted to probate. Under R.C. 2107.18, the probate court must admit to probate any will which appears on its face, or by the testimony of the witnesses to the will if the court elects to hear such testimony, that the execution of the will complied with the law "in force at the time of the execution of the will in the jurisdiction in which it was executed, or with the law in force in this state at the time of the death of the testator, or with the law in force in the jurisdiction in which the testator was domiciled at the time of his death." If the court determines that the will was not properly executed, it must proceed under R.C.2107.181 by issuing an interlocutory order denying probate of the will and conducting a hearing to finally determine whether the will should be admitted to probate.
In this case, the probate court did not admit the codicil to probate nor enter an interlocutory order denying probate of the codicil. It appears that the court was erroneously proceeding under R.C. 2107.22.
We now turn to the issue of whether the probate court erred as a matter of law when it refused to admit the codicil to probate.
The Supreme Court of Ohio has stated that a will which "is complete and regular in appearance and which apparently complies with all formalities shall be admitted to probate" if a prima facie case of validity is established. In re Estate ofLyons: McNamee v. Lyons (1957), 166 Ohio St. 207, paragraph one of the syllabus. The probate court cannot determine the fact of whether the will complied with the statutory requirements, but only whether there is substantial evidence tending to prove that fact. Id. and In re Will of Elvin (1946), 146 Ohio St. 448, syllabus; and In re Hathaway (1854) 4 Ohio St. 383; In Re Estateof Smith (1997), 120 Ohio App.3d 480, and McWilliams v. Cent.Trust Co. (1935), 51 Ohio App. 246, 250-251. Other issues relating to the validity of the will are to be resolved in a will contest action under R.C. 2107.71, et. seq.
Appellees erroneously contend that the standard of review of the appellate court is whether the probate court's decision was contrary to the manifest weight of the evidence. They rely upon Orgill v. Roberts (1953), 159 Ohio St. 492. That case, however, concerns an appeal from a decision of the probate court under General Code Sections 10504-35 through 10504-38, now known as R.C. 2107.26-28, dealing with the admission to probate of a lost, spoliated, or destroyed will. Under those sections, the probate court must determine whether there is clear and convincing evidence that the loss, etc. occurred either after the testator's death or before his death, but without his knowledge. Id.
However, the issue before the probate court in an R.C. 2107.181
hearing is solely a question of law and not a question of fact. See, Lyons, supra (the probate court is not to make a factual determination, but rather is to determine as a matter of law if there is substantial evidence tending to prove the fact that the will is valid). Therefore, on appeal, our role is also to review the hearing proceedings to determine whether a prima facie case was presented as a matter of law.
Appellees also argue that appellant failed to present substantial evidence to prove that the will is valid. They first contend that the court applies a higher scrutiny analysis when a will is "irregular" in appearance. They cite no cases in support of this analysis and we find none to support it either. They argue that the codicil in this case is not complete and regular because it was handwritten, contains no attestation clause, used precatory language, and the witnesses signed in the margin as opposed to the Baxters' wills which were drafted by an attorney. Appellees also emphasize the fact that the codicil was never presented to the court by Doris Baxter when she was the fiduciary for her husband's estate. However, since there was no evidence presented at the R.C. 2107.22 hearing as to why she did not present the codicil to the court, this "fact" is irrelevant. Nonetheless, appellees ultimately agree that appellant had a duty to prove by substantial evidence that the codicil is legally valid.
R.C. 2107.03 provides that, except for oral wills, which are governed by another statute, "every last will and testament shall be in writing, * * * signed at the end by the party making it, * * * and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature." There is no prescribed format for a Last Will and Testament or Codicil. In this case, we conclude that the codicil is not irregular on its face. The document is in writing and was signed at the end by the testators and three witnesses as required by the statute.
We were unable to find any cases similar to the one presented to us where the form of the will is informal and self-drafted, although it facially appears to comply with all the statutory requirements. If the will was facially defective, the proponent seeking to have the will admitted to probate would never be able to meet his burden of presenting a prima facie case of validity. See In Re Estate of Carmedy (1994), 95 Ohio App.3d 572
and In the Matter of the Estate of Weilert (Dec. 3, 1998), Franklin App. No. 98AP-390, unreported (both cases involved a lack of a second witness' signature). However, even if the will appears on its face to have been properly executed, proof that the signatures are genuine is not by itself substantial evidence of valid attestation and execution of the will. In the Matter of theEstate of Schawe, dcd. (Sept. 2, 1987), Hamilton App. No. C-860769, unreported. The inclusion of an attestation clause and/or the involvement of an attorney in the execution of the document can provide the additional evidence necessary to create a prima facie case for validity. See In re Young (1978), 60 Ohio App.2d 390;In re Will of McGraw (1967), 14 Ohio App.2d 87; andRoosa v. Wickward (1950), 90 Ohio App. 213.
We find that in this case there was additional evidence presented to prove that the codicil was properly attested and subscribed in the presence of the testator by two witnesses who saw the testator subscribe, or heard him acknowledge his signature. That evidence was the testimony of the three witnesses to the codicil. All three witnesses testified that they often witnessed documents for the Baxters and that they always signed them in the presence of the Baxters who either signed or acknowledged their signatures in the presence of the witnesses. Only one witness had an independent recollection of the signing of the codicil and remembered Dr. Baxter signing the codicil in her presence. She could not, however, recall if Mrs. Baxter was present. While there remains a factual issue to be determined as to whether the codicil was in fact properly attested and subscribed, we find that there was substantial evidence presented to establish a prima facie case of validity and the codicil should have been admitted to probate.
Appellant's first and third assignments of error are well-taken.
In his second assignment of error, appellant argues that the trial court erred when it admitted the testimonial evidence of Kevin Baxter, a witness called by the opponents to the codicil and who did not witness the signing of the codicil.
R.C. 2107.18 clearly states that initially the court may only consider the testimony of the subscribing witnesses to the will when determining whether it was properly attested and executed. Therefore, we agree that the probate court erred as a matter of law when it admitted into evidence the testimony of Kevin Baxter. Appellant's second assignment of error is found well-taken.
Having found that the trial court committed error prejudicial to appellant, the judgment of the Erie County Court of Common Pleas, Probate Division, is reversed. This case is remanded to the lower court for further proceedings consistent with this opinion. Pursuant to App.R. 24, appellees are hereby ordered to pay the court costs incurred on appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Richard W. Knepper, J.
 Mark L. Pietrykowski, J.
CONCUR.
[1] R.C. 2107.18 reads as follows:
 "The probate court shall admit a will to probate if it appears from the face of the will, or if the probate court requires, in its discretion, the testimony of the witnesses to a will and it appears from that testimony, that the execution of the will complies with the law in force at the time of the execution of the will in the jurisdiction in which it was executed, or with the law in force in this state at the time of the death of the testator, or with the law in force in the jurisdiction in which the testator was domiciled at the time of his death.
 "The probate court shall admit a will to probate when there has been a prior judgment by a probate court declaring that the will is valid, rendered pursuant to section 2107.084 [2107.08.4] of the Revised Code, if the will has not been removed from the possession of the probate judge and has not been modified or revoked under division (C) or (D) of section 2107.084 [2107.08.4] of the Revised Code."
[2] R.C. 2107.22 reads as follows:
 "(A)(1)(a) When a will has been admitted to probate by a probate court and another will of later date is presented to the same court for probate, notice of the will of later date shall be given to those persons required to be notified under section 2107.19 of the Revised Code, and to the fiduciaries and beneficiaries under the will of earlier date. The probate court may admit the will of later date to probate the same as if no earlier will had been so admitted if it appears from the face of the will of later date, or if an interested person makes a demand as described in division (A)(1)(b) of this section and it appears from the testimony of the witnesses to the will given in accordance with that division, that the execution of the will complies with the law in force at the time of the execution of the will in the jurisdiction in which it was executed, or with the law in force in this state at the time of the death of the testator, or with the law in force in the jurisdiction in which the testator was domiciled at the time of his death."
 "(b) Upon the demand of a person interested in having a will of later date admitted to probate, the probate court shall cause at least two of the witnesses to the will of later date, and any other witnesses that the interested person desires to have appear, to come before the probate court and provide testimony. If the interested person so requests, the probate court shall issue a subpoena to compel the presence of any such witness before the probate court to provide testimony.
 "Witnesses before the probate court pursuant to this division shall be examined, and may be cross-examined, in open court, and their testimony shall be reduced to writing and then filed in the records of the probate court pertaining to the testator's estate.
 "(2) When an authenticated copy of a will has been admitted to record by a probate court, and an authenticated copy of a will of later date that was executed and proved as required by law, is presented to the same court for record, it shall be admitted to record in the same manner as if no authenticated copy of the will of earlier date had been so admitted.
 "(3) If a probate court admits a will of later date to probate, or an authenticated copy of a will of later date to record, its order shall operate as a revocation of the order admitting the will of earlier date to probate, or shall operate as a revocation of the order admitting the authenticated copy of the will of earlier date to record. The probate court shall enter on the record of the earlier will a marginal note "later will admitted to probate . . ." (giving the date admitted)."
 "(B) When a will that has been declared valid pursuant to section 2107.084 [2107.08.4] of the Revised Code has been admitted to probate by a probate court, and an authenticated copy of another will of later date that was executed and proved as required by law is presented to the same court for record, the will of later date shall be admitted the same as if no other will had been admitted and the proceedings shall continue as provided in this section."