[Cite as *Reynolds v. Ohio Veterans Home*, 2010-Ohio-1950.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RICHARD REYNOLDS

     Plaintiff

     v.

OHIO VETERANS HOME

     Defendant

     Case No. 2009-06796-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Richard Reynolds, a former resident at defendant, Ohio Veterans Home (OVH), filed this action alleging OVH personnel failed to forward his shoes when he moved to a new residence in Cleveland on June 10, 2009. Plaintiff asserted two pairs of tennis shoes and one snake skin loafer were "not packed and sent with me" when he moved from OVH to the University Manor Nursing Home in Cleveland. Plaintiff contended his shoes were lost as a proximate cause of negligence on the part of OVH staff and he has consequently filed this complaint seeking to recover $203.00, the estimated replacement value of the alleged missing shoes. Payment of the filing fee was waived.

{¶ 2} Defendant denied any OVH personnel lost or misplaced any of plaintiff's property incident to his move to Cleveland. Defendant suggested plaintiff's "shoes could have been misplaced or lost at any time prior to his departure." Defendant contended plaintiff did not present any evidence to establish he delivered the shoes into the custody of OVH staff. Defendant maintained plaintiff failed to prove the elements necessary "to create a legal bailment duty on the part of" OVH. Defendant

acknowledged OVH personnel helped plaintiff "box his belongings" in preparation for his moving.

**{¶ 3}** Defendant submitted an affidavit from OVH employee Jessica Kishman, who was assigned as a social work to plaintiff during the time he was a resident ov OVH. Kishman stated "[o]n or about June 10, 2009, I helped pack (plaintiff's) personal belongings in boxes for transport to his new residence." Kishman recalled, "at the time of (plaintiff's) departure, all of (plaintiff's) personal belongings were packed in boxes by me or other (OVH) staff, but I did not recall specifically packing two pairs of tennis shoes and a pair of snake skin loafers along with his personal belongings." According to Kishman, she personally inspected plaintiff's room at OVH after his property was packed "to assure that none of his personal belongings would be left behind." Seemingly, no property owned by plaintiff was discovered in his room after the packing was completed.

**{¶ 4}** In order to establish a prima facie case for breach of a bailment duty, the plaintiff bailor must prove: 1) a contract of bailment, 2) delivery of the bailed property to the defendant bailee, and 3) failure by the bailee to return the bailed property. *David v. Lose* (1966), 7 Ohio St. 2d 97, 99, 36 O.O. 2d 81, 218 N.E. 2d 442.

**{¶ 5}** Defendant is under a duty to exercise ordinary care to protect personal property delivered into its possession. *Leech v. Ohio State University Hospital* (1989), 89-07875-AD; *Ahmed v. Ohio State University Hospitals* (1999), 97-10812-AD. However, plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 6}** Although strict rules of evidence do not apply in administrative determinations, plaintiff must prove his case by a preponderance of the evidence. *Underwood v. Dept. of Rehabilitation and Correction* (1985), 84-04053-AD. "It is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice, among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. *Kata v. Second National Bank of Warren* (1971), 26 Ohio St. 2d 210, 55 O.O. 2d 458, 271 N.E.

2d 292, Syllabus 2.

{¶ 7} Plaintiff has failed to submit any evidence to show defendant received delivery of his shoes on June 10, 2009. This failure to prove delivery constitutes failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD; *Camella v. Ohio Veterans Home*, Ct. of Cl. No. 2006-01491-AD, 2006-Ohio-7258; *Wallingford v. Ohio Veterans Home*, Ct. of Cl. No. 2006-04466-AD, 2007-Ohio-1268. Consequently, plaintiff has failed to show any breach of a duty on the part of defendant caused the loss claimed. See *Nosack v. Ohio Veterans Home*, Ct. of Cl. No. 2007-07094-AD, 2008-Ohio-3934.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RICHARD REYNOLDS

Plaintiff

v.

OHIO VETERANS HOME

Defendant

Case No. 2009-06796-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Richard Reynolds                              Gregory J. Kowalski, Chief Legal Counsel
University Manor                              Ohio Veterans' Home Agency
2186 Ambleside Drive                         3416 Columbus Avenue
Cleveland, Ohio 44106                        Sandusky, Ohio 44870

RDK/laa
12/15
Filed 1/8/10
Sent to S.C. reporter 4/30/10