[Cite as *Moore v. Ohio Veteran's Home*, 2010-Ohio-6627.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CARL MOORE

　　Plaintiff

　　v.

OHIO VETERAN'S HOME

　　Defendant

Case No. 2010-06915-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Peggy J. Moore, who holds the power of attorney for plaintiff Carl Moore, a resident of defendant, Ohio Veteran's Home (OVH), filed this action alleging plaintiff's dentures were lost while in the custody and control of OVH staff. Plaintiff asserted that on March 22, 2010 at approximately 5:30 p.m., an employee of OVH was assisting plaintiff with his dinner and noticed that plaintiff's upper denture plate was moving about during the course of the meal. Plaintiff advised that in order to facilitate his comfort during dinner, the OVH employee assisted him in removing his denture and placed the denture in a napkin on plaintiff's food tray. According to information in the complaint, after the meal plaintiff's tray containing the denture wrapped in the napkin was removed from plaintiff's room. Apparently, the remaining contents on the tray including the denture were discarded by OVH staff. When it was discovered plaintiff's denture was missing a search was conducted, but the denture was never recovered. Peggy J. Moore, in filing this action, requested damages in the amount of $900.00 for "[l]oss of the use of the upper dentures for eating and appearance."

{¶ 2} Defendant denied liability in this matter contending that even if the

assertions recorded in the complaint were proven, plaintiff has not proven OVH staff breached any bailment duty resulting in the property loss claimed. Defendant stated "[t]he helping of a resident (by an OVH employee) in the manner described by Plaintiff, even if it could be proven did not create a bailment relationship between Plaintiff and the defendant with regard to the dentures." Defendant argued plaintiff did not produce evidence to establish any OVH employee "exercised control over the dentures at the time they were lost."

{¶ 3} In order to establish a prima facie case for breach of a bailment duty, the plaintiff bailor must prove: 1) a contract of bailment, 2) delivery of the bailed property to the defendant bailee, and 3) failure by the bailee to return the bailed property. *David v. Lose* (1966), 7 Ohio St. 2d 97, 99, 36 O.O. 2d 81, 218 N.E. 2d 442.

{¶ 4} Defendant is under a duty to exercise ordinary care to protect personal property delivered into its possession. *Leech v. The Ohio State University Hospital* (1989), 89-07875-AD; *Ahmed v. Robert B. Meyers, et al.* (1999), 97-10812-AD. However, plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 5} Although strict rules of evidence do not apply in administrative determinations, plaintiff must prove his case by a preponderance of the evidence. *Underwood v. Dept. of Rehabilitation and Correction* (1985), 84-04053-AD. "It is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice, among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. *Kata v. Second National Bank of Warren* (1971), 26 Ohio St. 2d 210, 55 O.O. 2d 458, 271 N.E. 2d 292, Syllabus 2. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 6} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to

believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. In the instant action, the trier of fact finds that the statements in the complaint in regard to defendant receiving delivery of and exercising control over plaintiff's dentures to be persuasive. The elements of a bailment relationship have been established and consequently, defendant is liable to plaintiff for the loss of his dentures.

{¶ 7} The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750. In a situation where a damage assessment for personal property destruction based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner. This determination considers such factors as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss. *Cooper v. Feeney* (1986), 34 Ohio App. 3d 282, 518 N.E. 2d 46. Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31. The court finds defendant liable to plaintiff for the damage claimed $900.00, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CARL MOORE

      Plaintiff

      v.

OHIO VETERAN'S HOME

      Defendant

      Case No. 2010-06915-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION


      Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $925.00, which includes the filing fee. Court costs are assessed against defendant.


                                  DANIEL R. BORCHERT
                                  Deputy Clerk

Entry cc:


Carl Moore                          Gregory Kowalski, Chief Legal Counsel
11799 Hamlet Road             Ohio Veteran's Home Agency
Cincinnati, Ohio  45240        3416 Columbus Avenue
                                  Sandusky, Ohio  44870

RDK/laa
9/30
Filed 10/13/10
Sent to S.C. reporter 1/21/11