[Cite as *Ergood v. Ohio Univ.*, 2012-Ohio-3240.]



# Court of Claims of Ohio

BRUCE ERGOOD

    Plaintiff

    v.

OHIO UNIVERSITY

    Defendant

    Case No. 2011-12790-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff Bruce Ergood filed this action against Ohio University (OU), alleging plaintiff's property was lost or stolen while in the custody and control of OU staff. Specifically, plaintiff asserted that he agreed to allow his personal collection of Latin American items to be displayed "as an exhibition at the OU Multicultural Center * * * during the month celebrating Hispanic Heritage." Plaintiff advised that an inventory was prepared listing the more than 80 items including clothes, instruments, ceramics, and wood carvings. Plaintiff recalled that the exhibit was housed in a building on campus and that an article appeared in the OU newspaper describing the artifacts on display. According to information in the complaint, after the event ended, an OU graduate student identified as Erica Harding returned the borrowed items to plaintiff's home late in the evening on October 25, 2011. Plaintiff subsequently discovered several objects were missing, including two pair of juarachis, a handwoven red tablecloth, and a ceramic ashtray.

{¶2} In filing this action, plaintiff requested damages in the amount of "$650-680" which represents the estimated cost for plaintiff to return to Mexico and locate

replacement items, if available.

{¶3} Defendant denied liability in this matter contending that "[s]taff members at the Multi-Cultural Center state that all borrowed items were returned." In addition, defendant implied that plaintiff was somehow negligent for failing to unpack and inventory the returned items in the presence of an OU staff member. Defendant also indicated it did not dispute the "suggested cost to replace the items listed."

{¶4} Plaintiff has asserted that OU staff breached a bailment duty resulting in the property loss claimed. In order to establish a prima facie case for breach of a bailment duty, the plaintiff bailor must prove: 1) a contract of bailment, 2) delivery of the bailed property to the defendant bailee, and 3) failure by the bailee to return the bailed property. *David v. Lose* (1966), 7 Ohio St. 2d 97, 99, 36 O.O. 2d 81, 218 N.E. 2d 442.

{¶5} Defendant is under a duty to exercise ordinary care to protect personal property delivered into its possession. *Leech v. The Ohio State University Hospital* (1989), 89-07875-AD; *Ahmed v. Robert B. Meyers, et al.* (1999), 97-10812-AD; *Moore v. Ohio Veteran's Home*, Ct. of Cl. No. 2010-06915-AD, 2010-Ohio-6627. However, plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶6} Although strict rules of evidence do not apply in administrative determinations, plaintiff must prove his case by a preponderance of the evidence. *Underwood v. Dept. of Rehabilitation and Correction* (1985), 84-04053-AD. "It is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice, among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. *Kata v. Second National Bank of Warren* (1971), 26 Ohio St. 2d 210, 55 O.O. 2d 458, 271 N.E. 2d 292, Syllabus 2. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶7} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230,

39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. In the instant action, the trier of fact finds the statements both in the complaint and in plaintiff's January 30, 2012 response in regard to defendant receiving delivery of and exercising control over plaintiff's artifacts to be persuasive. The elements of a bailment relationship have been established and consequently, defendant is liable to plaintiff for the loss of his property.

{¶8} The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750. In a situation where a damage assessment for lost personal property based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner. This determination considers such factors as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss. *Cooper v. Feeney* (1986), 34 Ohio App. 3d 282, 518 N.E. 2d 46. Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31. The court finds defendant liable to plaintiff for the damage claimed $680.00, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRUCE ERGOOD

    Plaintiff

    v.

OHIO UNIVERSITY

    Defendant

    Case No. 2011-12790-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $705.00, which includes the filing fee.  Court costs are assessed against defendant.

                 DANIEL R. BORCHERT
                 Deputy Clerk

Entry cc:

Bruce Ergood                    George T. Wendt, Risk Manager
6363 Radford Road               Ohio University
Athens, Ohio 45701              University Service Center 136
                                1 Ohio University
                                Athens, Ohio 45701-2979

011
Filed 4/27/12
sent to S.C. Reporter 7/18/12