Matthias, J.
 

 The jurisdiction of the Court of Appeals to review the order of the Probate Court admitting the lost, spoliated or destroyed will which was duly challenged is the question of primary importance in this case.
 

 Is an order admitting any will to probate reviewable by the Court of Appeals? It must be conceded thát this question has been completely and conclusively settled by the decisions of this court unless those decisions have been rendered ineffective by the amendment of Section 10501-56, General Code, which came into force June 26, 1939.
 

 The first case in which such issue was made and decided by the Supreme Court is that of
 
 Mosier
 
 v.
 
 Har
 
 
 *356
 

 mon,
 
 29 Ohio St., 220. The will involved in that ease apparently was executed in due form. Error proceedings were instituted in the Court of Common Pleas, the same being predicated upon the admission of the will to probate upon the- testimony of but one of the subscribing witnesses. The Court of Common Pleas sustained the motion to dismiss the cause for want of jurisdiction, and that ruling was affirmed on error by the District Court. The action of these courts was approved and the judgment was affirmed by the Supreme Court, which held that the only mode of contesting the validity of a will which had been admitted to probate is that specifically provided by statute.
 

 The case of
 
 Hollrah
 
 v.
 
 Lasance,
 
 63 Ohio St., 58, 57 N. E., 964, involved a proceeding to probate a lost or destroyed will. In that case, also, a petition in error was filed in the Court of Common Pleas where a motion to dismiss for want of jurisdiction was overruled and the court, upon consideration of the record, affirmed the order of the Probate Court. The Circuit Court, however, upon proceeding in error, held the Common Pleas Court was without jurisdiction to review the order of the Probate Court and reversed the judgment of the Common Pleas Court and also remanded the cause to that court with direction to dismiss the petition in error. The Supreme Court, in affirming that judgment, held that “An order of the Probate Court admitting a paper to probate as a last will and testament is not reviewable on petition in error, though an order refusing to admit such paper to probate is reviewable.”
 

 The court in that case considered the provisions of Sections 5944 to 5948, Revised Statutes, which are substantially the same, in the respect applicable to this discussion, as Sections 10504-35 to 10504-40, Q-eneral Code. As a result of such consideration, the court stated that:
 

 “It seems quite clear from the provisions of this
 
 *357
 
 section. [Section 5948, Revised Statutes] that an order admitting a lost or spoliated will to probate can be annulled or revoked in no other manner than that prescribed with respect to orders admitting to probate wills not lost or spoliated.”
 

 The court directed attention to the provisions of Section 5933, Revised Statutes (now Section 10504-32, General Code), providing in substance that if no person within the specified period after probate shall appear and contest the validity of the will, the probate shall be forever binding, and then concluded as follows :
 

 “These provisions require the conclusion that the contest in the Court of Common Pleas authorized by Section 5858 [Section 12079, General Code] is the only mode of revoking an order admitting a will to probate. ’ ’
 

 The court in the
 
 Hollrah case
 
 distinguishes its holding from that in
 
 Missionary Society of M. E. Church
 
 v. Ely, 56 Ohio St., 405, 47 N. E., 537, in which case the court had held that an order of the Probate Court refusing to admit a will to probate was subject to review on petition in error, and points out that “The importance of this distinguishing fact appears when it is observed that the statute providing for the contest of a will has no application to a case in which the will is not admitted to probate. An order admitting a will to probate brings the case within the exclusive remedy by contest; while an order refusing to admit it excludes the case from the statute which prescribes that remedy * * *.”
 

 The case of
 
 Roth
 
 v.
 
 Siefert,
 
 77 Ohio St., 417, 83 N. E., 611, is one in which the only question presented was whether an appeal lies to the Court of Common Pleas from an order of the Probate Court refusing to establish a lost will in a proceeding pending before it for that purpose. In that case the Probate Court found that the testimony before it failed to show that
 
 *358
 
 the will was lost or destroyed, and also found that there was nO' testimony to show the contents of the will. The court refused to admit the same to probate. The case was thereupon taken on appeal to the Court of Common Pleas, where, after overruling a motion to dismiss the appeal, that court, upon hearing the case on its merits, found and ascertained and established the contents of the will in question, whereupon proceedings in error were perfected in the Circuit Court, which court found certain errors in the proceeding, and particularly that the alleged will submitted to and passed upon by the Court of Common Pleas was not the same alleged will that was submitted to and passed upon by the Probate Court, and thereupon reversed the judgment and remanded the case to the Court of Common Pleas for a new trial. The Supreme Court held that the Circuit Court was without jurisdiction to reverse the judgment of the Court of Common Pleas, and accordingly reversed the judgment of the Circuit Court and dismissed the petition in error. The court announced in the .syllabus that “an appeal lies to the Court of Common Pleas from an order of the Probate Court overruling an application to find and establish the contents of a lost will, ’ ’ and further that “an order of the Court of Common Pleas finding and establishing the contents of a lost will is not reviewable upon petition in error.”
 

 It is contended, however, that the decisions of this court above cited have been rendered inapplicable by the enactment of Section 10501-56, General Code, which came into effect June 26, 1939. The essential portion of the provisions of that section is as follows:
 

 “From any final order, judgment or decree of the Probate Court, an appeal on a question of law may be prosecuted to the Court of Appeals in the manner provided by law for the prosecution of such appeals from the Court of Common Pleas to the Court of Appeals. For the purpose of prosecuting appeals on
 
 *359
 
 questions of law, and of law and fact from the Probate Court, the Probate Court shall hereafter be deemed to be exercising judicial functions inferior only to the Court of Appeals and the Supreme Court.”
 

 It is to be observed that the only change of procedure effected by the enactment of the above section is in the provision for the review of final orders of the Probate Court by the Court of Appeals, whereas such right of review was theretofore to the Court of Common Pleas by virtue of the provisions of Section 12241, General Code. In each instance, however, the right of appeal conferred was only from a final order of the Probate Court. The decisions above cited were predicated upon a finding that an order admitting a will to probate is not a final order. “Final order” was defined by the statute in effect when the decisions above cited were rendered substantially the same as at this time. The effect of the decisions of this court above cited is not in anywise modified or affected by the constitutional amendment of 1912, for that amendment only changed the source of the right of review; while formerly conferred by the statute, such right is now conferred by the Constitution. The term judgment “comprehends all decrees and final orders rendered by a court of competent jurisdiction and which determine the rights of parties affected thereby.”
 
 Chandler & Taylor Co.
 
 v.
 
 Southern Pacific Co.,
 
 104 Ohio St., 188, 135 N. E., 620;
 
 Hoffman
 
 v.
 
 Knollman,
 
 135 Ohio St., 170, 20 N. E. (2d), 221.
 

 It is clear that there is no judgment or final order in respect to the probate and contest of the will binding upon a party interested until the termination of both proceedings. The admission of a will to probate ordinarily cannot determine 'the rights of all interested parties, for only the surviving spouse and next of kin known to be residents of the state are required by provisions of Section 10504-17, General Code, to be notified. Next of kin and others vitally interested
 
 *360
 
 who are nonresidents of the state need not be served with any notice and, under the provisions of Section 10504-18, General Code, only those interested in having the will admitted to probate need be examined in such proceeding, there being no provision whatever for any opposition witnesses or any adverse evidence.
 

 It is impossible to reconcile the theory that the admission of a will to probate is a final order with the provisions of Section 10504-27 and 10504-28, General Code, authorizing the probation of a will of a later date subsequently presented and directing that such action shall operate as a revocation of the order admitting the instrument earlier in date to probate, or with the provisions of Section 10504-32, General Code, providing that the will shall be of binding effect if not contested within the period of six months! Such action to contest a will is the only proceeding which may be regarded as adversary, for only in that proceeding are all parties in interest, whether resident or nonresident, required to be made parties pursuant to a full and final determination of their rights. It is elementary that without such provision there would be a want of due process of law.
 

 No one can contend that the right to maintain an action to contest a will if brought within the time prescribed by statute would be barred by the order- of the Probate Court admitting the will to probate. Indeed, the action of contest is predicated upon the admission of the will to probate and of course can be filed only after an order admitting the will to probate has been entered.
 

 Under the provisions of Section 10504-33, General Code, such proceeding to probate the will must be certified to the Common Pleas Court upon notice that an action to contest such will has been instituted therein. If such contest results in a finding that the instrument in question ia not the last will of the testator, that fact is certified to the Probate Court, and that is the final
 
 *361
 
 order. The order of the Probate Court admitting to probate is only a conditional order; otherwise there would be two final orders.
 

 It follows that the Court of Appeals was in error in overruling the motion to dismiss the appeal. Its judgment in that respect is therefore reversed.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Williams, Hart, Zimmerman and Bettman, JJ., concur.