## IN RE ESTATE OF BROWN.

(No. 2299—Decided September 17, 1954.)

*Messrs. Frank, Thomas & Corwin,* for appellees.
*Mr. Guy H. Miller,* for appellants.

WISEMAN, P. J. This is an appeal on questions of law from a judgment of the Probate Court of Montgomery County, admitting to probate a lost will.

Appellees move to dismiss the appeal on the ground that the judgment of the Probate Court is not an appealable order.

In *Hollrah* v. *Lasance,* 63 Ohio St., 58, 57 N. E., 964, it is held:

"An order of the Probate Court admitting a paper to probate as a last will and testament is not reviewable on petition in error."

In *Roth* v. *Siefert,* 77 Ohio St., 417, 83 N. E., 611, it is held:

"An order of the Court of Common Pleas finding and establishing the contents of a lost will is not reviewable upon petition in error."

Section 10501-56, General Code (118 Ohio Laws, 78), (Section 2101.42, Revised Code), by amendment effective June 26, 1939, provided for an appeal from the Probate Court direct to the Court of Appeals.

Since the amendment the Supreme Court, in the case of *In re Estate of Frey,* 139 Ohio St., 354, 40 N. E. (2d), 145, has held:

"An order of the Probate Court admitting an instrument to probate as a last will is not reviewable on appeal."

In that case the court considered the effect of the amendment to Section 10501-56, General Code, and held that the case law was not changed by the amendment; that an order of the Probate Court admitting a will to probate is not a final order; and that the only mode of challenging the validity of a will which has been admitted to probate is by a will-contest suit as provided by statute.

In our opinion the order appealed from is not a final order. The motion to dismiss the appeal is sustained.

*Motion sustained.*

MILLER and HORNBECK, JJ., concur.