CARR ET AL., APPELLANTS, *v.* HOWARD, EXR., ET AL., APPELLEES.

(No. 401—Decided February 14, 1969.)

*Messrs. Junk & Junk* and *Messrs. Lovell & Woodmansee,* for appellants.

*Mr. Richard P. Rankin,* for appellees.

CRAWFORD, J. Plaintiffs, appellants herein, as heirs at law of Harry Sollars, deceased, brought this action to contest the validity of the decedent's last will. They now appeal from a judgment of the Court of Common Pleas sustaining the validity of the will.

The proponents introduced the order of the Probate Court, which admitted a copy of the last will to probate, and then rested.

Plaintiffs-contestants then introduced evidence that the decedent had made his will on November 1, 1960, and taken it with him from the office of the attorney who drafted it. The attorney subsequently saw him in possession of the envelope which he believed contained the will. He could not fix the time when this occurred except to say that it was cold weather. Since that time the will has not been seen.

Decedent had a safe-deposit box in the bank and also had in his personal possession a little green box supposedly containing valuable papers. He died on October 25, 1965. The green box had not been seen for approximately a year and three months prior to his death and has not been seen since. The will has not been found, although the safe-deposit box was examined and his residence and outbuildings and the residence of the proponents, where he died, have been thoroughly searched.

Proponents presented no evidence in rebuttal.

The evidence taken in the Probate Court is not before us and was not contained in the record of the trial before the Court of Common Pleas. This is not an appeal from the Probate Court. The order admitting the will to probate (unlike an order denying probate) is not a final appealable order. The only method of challenging such an order is by contesting the will. *Roth* v. *Siefert* (1908), 77 Ohio St. 417; 55 Ohio Jurisprudence 2d 714, 715, Wills, Sections 313, 314.

The trial of a will contest such as this in the Court of Common Pleas is in the nature of an original action or, as it is sometimes called, a trial *de novo*. 55 Ohio Jurisprudence 2d 722, Wills, Section 328.

The order of probate is prima facie evidence of the attestation, execution and validity of the will. Section 2741.-05, Revised Code. This is sometimes referred to as a presumption. There appears to have been some original distinction between these two terms. According to Bouvier: a presumption is a "particular inference from a particular fact, or from particular evidence, unless and until the truth of such inference is disproved"; prima facie means "at first view or appearance"; "prima facie evidence of fact is in law sufficient to establish the fact, unless rebutted."

In any event, the order of probate requires some evidence to rebut it. Previously how much is not easily stated, probably because the province of the court is to determine only whether it is adequate to present a question for the jury. But the authorities appear to hold that when the evidence is sufficient to rebut the "presumption," with some probative value left over, the contestants are entitled to prevail. The authorities on the subject have been summarized as follows:

"The weight to be given to the evidence in an action to contest a will is a question of fact for the jury. In some instances, however, the courts have held that certain testimony was or was not sufficient to justify a verdict setting aside the will. Generally in a will contest, the contestant must furnish evidence sufficient to preponderate not only against the evidence offered for the will, but also against the presumption arising from the order of probate and from the will itself. By the introduction of the will and order of probate a prima facie case is made against the contestants, and if no further testimony is introduced, it is the duty of the jury to sustain the will." 55 Ohio Jurisprudence 2d 804, Wills, Section 419.

See, also, *Kammann* v. *Kammann* (1916), 6 Ohio App. 455; *Banning* v. *Banning* (1861), 12 Ohio St. 437.

The testimony presented by the contestants here, which is entirely undisputed, amply fulfills these requirements.

It is contended that the same evidence was all previ-

ously presented before the Probate Court, and that something more is required. We do not so understand the law. The Probate Court does not pre-empt the evidence produced before it. Furthermore, neither this court nor the Court of Common Pleas can say what evidence was, in fact, presented to the Probate Court; and in the original proceedings or trial *de novo* in the will contest all the evidence must be examined or re-examined.

In *Chenoweth* v. *Cary, Admr.* (1939), 30 Ohio Law Abs. 98, our predecessors on this court held:

"4. The probate of a copy of a will is prima facie evidence of the contents and due execution of the will, but it is only prima facie and all matters essential to the probate of a copy are as rebuttable as the numerous other matters that may be an issue in the contest of a will where the probate of a copy is not involved."

The undisputed evidence here in the original proceeding or trial *de novo* in the Court of Common Pleas brings this case within the established doctrine of *Behrens* v. *Behrens* (1890), 47 Ohio St. 323, 21 Am. St. Rep. 820, which holds:

"2. When a will, once known to exist, and to have been in the custody of the testator, cannot be found after his decease, the legal presumption is, that it was destroyed by the testator with the intention of revoking it."

This long-established rule is uniformly followed. *Chenoweth* v. *Cary, Admr.* (1939), 30 Ohio Law Abs. 98 (cited above); *In re Estate of Simon* (1961), 86 Ohio Law Abs. 380; *Cole* v. *McClure* (1913), 88 Ohio St. 1; *In re Estate of Steel* (1966), 8 Ohio Misc. 133; and see *In re Estate of Woods* (1951), 61 Ohio Law Abs. 548.

Defendants invoke a dictum from *In re Estate of Bowles* (1953), 96 Ohio App. 265, 273. That case involved an appeal from a refusal to admit a will to probate. The proponents claimed that the will had been lost during the lifetime of the decedent without her knowledge. Such was the issue in that case. The court quoted the provision of Section 2107.26, Revised Code, that such lack of knowledge

of the loss must be proved by clear and convincing testimony, and held that the Probate Court had erroneously excluded evidence bearing on that vital point. In the dictum referred to, the court pointed out the obvious fact that if the decedent did not know of the loss of her will before her death there could be no presumption of revocation. This does not mean, as defendants suggest, that admission of the will to probate wipes out the presumption of revocation in a subsequent contest of the will.

Although not part of the record, the opinion of the Court of Common Pleas in our present case is of interest and assistance in understanding the judgment. The trial judge apparently believed that the contestants were required to produce evidence in addition to that presented at the hearing to probate. Even if the evidence taken before the Probate Court had been ascertainable, such approach leaves out of account the fact that this was an original action or trial *de novo* in the Court of Common Pleas. On the undisputed evidence presented by these contestants, we believe they were entitled to prevail.

There is another feature of the case, which requires reversal. Counsel agreed to try this will contest to the court without a jury. Section 2741.04, Revised Code, requires that the issue shall be tried by a jury. This provision is mandatory and jurisdictional. The parties cannot by agreement confer jurisdiction upon the court alone without a jury.

*Walker* v. *Walker* (1862), 14 Ohio St. 157, holds:

"3. In a proceeding under the statute to contest the validity of a will, it is error to render final judgment on demurrer to an answer. An issue must be made up, and tried by a jury, under proper instructions by the court."

Judge Brinkerhoff said in his opinion, at page 176:

"* * * This provision of the statute is imperative in its terms, and we have reason to believe that it was deliberately enacted with a view to prevent a disposition of cases for the contest of wills upon the mere consent or acquiescence of parties in any form."

It has been held that the requirement of a jury trial in such cases does not deprive the court of its usual role in jury trials, such as the power to direct a verdict in proper circumstances. *Westfall* v. *Notman* (1935), 53 Ohio App. 314. But a jury may not be dispensed with.

"A jury cannot be waived in an action to contest a will." *Clark* v. *McFarland* (1918), 99 Ohio St. 100, at 101.

See, also, *Holt* v.. *Lamb* (1867), 17 Ohio St. 374, and 55 Ohio Jurisprudence 2d 838, 839, Wills, Section 459.

For these reasons, the judgment appealed from must be reversed and the cause remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

KERNS, P. J., and SHERER, J., concur.