**MATTAX, Appellant,**

v.

**MOORE et al., Appellees.**

[Cite as *Mattax v. Moore* (1991), 72 Ohio App.3d 647.]

Court of Appeals of Ohio,
Trumbull County.

No. 90–T–4410.

Decided Feb. 25, 1991.

*Robert M. Brucken* and *Bruce Birrell,* for appellant.

*Joyce A. May,* for appellee, G. Mattax.

---

CHRISTLEY, Presiding Judge.

This case revolves around a will contest. The parties stipulated to the following facts:

"1. On March 2, 1963 H. Gertrude Mattax duly executed a three page will, which is the document admitted to probate by this Court.

"2. Miss Mattax lived then in her single family house at 325 Monroe Street in Warren. She had lived there for many years.

"3. Miss Mattax was adjudged incompetent on July 5, 1983 by this Court.

"4. Miss Mattax continued to live in her Monroe Street house until December 27, 1983 when she moved to Imperial Nursing Home.

"5. On May 14, 1984 Miss Mattax's cousin Frank Mattax removed a box of items from the Monroe Street house and took them to his home in Hagerstown, Maryland.

"6. On October 13, 1984 Miss Mattax's attorney Joyce A. May removed a second box of items from the house and took them to her office in Warren. Included in the box were pages 1 and 2 of the will, but not page 3, the page containing the signature of Miss Mattax and the signatures of the witnesses, which page had previously been separated from pages 1 and 2.

"7. On January 9, 1989 Miss Mattax died.

"8. On May 23, 1989 Frank Mattax sorted through the box of items he had removed from the Monroe Street home in 1984. Among the items he found in the box was a picture frame; when he opened the frame to remove the picture, he discovered the missing page 3 of the will between the picture and its backing.

"9. Frank Mattax forwarded the missing page 3 of the will to Joyce A. May, she filed all three pages with the Court and this Court admitted all 3 pages to probate.

"10. Page 3 of the will was separated from pages 1 and 2 sometime between March 2, 1963, when the will was signed, and May 14, 1984, when Frank Mattax unknowingly took page 3 only to Maryland.

"The parties present no evidence as to who separated page 3 from pages 1 and 2, when (within the foregoing time period), where or why.

"Attached is a transcript of the testimony of Frank Mattax before this Court in Case. No. 89–EST–0083 on July 31, 1989. The parties stipulate and

agree that if he were called to testify at trial in this matter, this would be his testimony, and the parties further stipulate and agree that this transcript and the testimony therein are admitted into evidence in this action.    * * * "

On December 12, 1989, appellant, King Mattax, filed his complaint to contest the will. The probate court entered its judgment entry that "the paper writing admitted to probate and purporting to be the last will and testament of H. Gertrude Mattax, deceased, is her last will and testament * * * "

Appellant timely filed his notice of appeal raising the following two assignments of error:

"1. The probate court erred to the prejudice of appellant in finding that the paper writing admitted to probate and purporting to be the last will and testament of H. Gertrude Mattax, deceased, is her last will and testament.

"2. The probate court erred to appellant's prejudice in admitting the paper writing purported to be the last will and testament of H. Gertrude Mattax, deceased, to probate."

■ Once a will is entered into probate, there is a presumption that it is valid. *Hutson v. Hartley* (1905), 72 Ohio St. 262, 74 N.E. 197; *Kata v. Second Natl. Bank* (1971), 26 Ohio St.2d 210, 215, 55 O.O.2d 458, 460, 271 N.E.2d 292, 295. "In a will contest, by virtue of statute, the burden of proof is cast upon the contestant of the will and such burden never shifts from him." *Kata, supra,* at paragraph one of the syllabus. Moreover, the *Kata* court concluded:

"It is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." *Id.* at paragraph two of the syllabus, quoting *Stevens v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E.2d 198. See, also, *Kennedy v. Walcutt* (1928), 118 Ohio St. 442, 161 N.E. 336.

Specifically, the contestant-appellant in this case must establish that the paper writing is not the testator's last will or that the testator, during her lifetime, destroyed the will with the intention of revoking it. *Kata, supra.*

The thrust of appellant's argument contra is that the separation of page 3 from pages 1 and 2 of the will amounted to a mutilation and, thus, constituted a revocation of the will. In other words, the decedent revoked the will "by tearing, cancelling, obliterating or destroying it with the intention of revoking it * * *." R.C. 2107.33.

In making his argument, appellant relies on R.C. 2107.26, which provides:

"When an original will is lost, spoliated, or destroyed subsequent to the death of a testator, or before the death of such testator if the testator's lack of knowledge of such loss, spoliation, or destruction can be proved by clear and convincing testimony, or after he became incapable of making a will by reason of insanity, and such will cannot be produced in the probate court in as complete a manner as the originals of last wills and testaments which are actually produced therein for probate, the court may admit such lost, spoliated, or destroyed will to probate, if such court is satisfied the will was executed according to the law in force at the time of its execution and not revoked at the death of the testator."

Appellant analogizes the present case to *In re Estate of Tyler* (1953), 159 Ohio St. 492, 50 O.O. 419, 112 N.E.2d 668. *Tyler* is easily distinguishable. First, the appeal in *Tyler* concerned a failure of the probate court to *admit a will,* rather than a will contest action:

" * * * The importance of this distinguishing fact appears when it is observed that the statute providing for the contest of a will has no application to a case in which the will is not admitted to probate. An order admitting a will to probate brings the case within the exclusive remedy by contest; while an order refusing to admit it excludes the case from the statute which prescribes that remedy * * *." *Hollrah v. Lasance* (1900), 63 Ohio St. 58, 65, 57 N.E. 964, 965.

Second, the paper writing in *Tyler* was found with the entire surname of testator's signature torn off and with an "X" mark in ink through his initials in the margins of each page of the will. Upon a hearing by the probate court, the will was denied admission to probate, because it was presumed that the will was mutilated by the testator with the intention of revoking.

■ In the instant case, the will in its entirety was admitted into probate. Thus, the presumption is that the will was valid. *Kata, supra.* In the stipulations, appellant presented no evidence that the earlier separation of the will's pages represented a form of mutilation which equated with revocation. Any such implication suggested by the stipulations fell short of sustaining appellant's burden of proof. As such, appellant's first assignment is without merit.

In appellant's second assignment, he alleges that the probate court erred to appellant's prejudice by admitting to probate the paper writing purported to be the last will and testament of the deceased.

■ An order admitting a will to probate is not a final, appealable order, "since it [does] not prevent a judgment or determine the action." *Barber v. Barber* (Dec. 23, 1982), Portage App. No. 1241, unreported, at 4; *Roth v.*

*Siefert* (1908), 77 Ohio St. 417, 422, 83 N.E. 611, 612; *Carr v. Howard* (1969), 17 Ohio App.2d 233, 234, 46 O.O.2d 360, 361, 246 N.E.2d 563, 564. "The only method of challenging such an order is by contesting the will." *Id.*, citing *Roth, supra.* See, also, *Hollrah v. Lasance, supra.* The will contest, the subject of appellant's first assignment, is appellant's only remedy. However, a will contest is not an appellate procedure; it is a trial *de novo.* In other words, it is an original action, and not an appellate review. *Carr, supra.* Thus, when the will contest is before us on review, the original order admitting the will is irrelevant.

Although the testimony given by Frank Mattax at the first hearing admitting the will was stipulated into evidence in the later will contest action, it is of limited relevance to us on review. The burden of proof applied to evaluate that testimony in the original admission of the will is not an issue either in the will contest action or in this appeal. Rather, it is the burden of proof which was applied to evaluate that testimony as stipulated in the will contest action. As previously discussed, that burden shifted to the contestant in the will contest. In reviewing Mattax's testimony in that context, we find that it does not prove by clear and convincing evidence that the testator, during her lifetime, destroyed or mutilated the will with the intention of revoking it. *Kata, supra.*

The second assignment is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD and HOFSTETTER, JJ., concur.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment.