JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal brought on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, plaintiff-appellant Rose Alice Scheeff challenges the decision of the Cuyahoga County Court of Common Pleas, Probate Division, to deny her application to probate a copy of a will. *Page 2 
 {¶ 2} The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. Crawford v. Eastland ShoppingMall Assn. (1983), 11 Ohio App.3d 158.
 {¶ 3} Appellant presents one assignment of error in which she argues that the probate court abused its discretion. She bases her argument on her submission of an exact photocopy of the will her late husband, who died in 2006, executed in 1978. This court finds her argument unpersuasive.
 {¶ 4} According to the App.R. 9(A) record, the magistrate determined after a hearing that the photocopy was inadequate to comply with the requirements of R.C. 2107.26. Appellant filed objections to the magistrate's report. The trial court conducted its own hearing, and ultimately decided to adopt the magistrate's findings and conclusion.
 {¶ 5} Although appellant argues that, in itself, an exact photocopy of a will constitutes evidence which is sufficient to comply with R.C.2107.26, this court disagrees. Pursuant to R.C. 2107.03, a will in Ohio must be "in writing, * * * signed at the end by the party making it * * *, and be attested * * * by two or more competent witnesses * * *." *Page 3 
 {¶ 6} It has long been held that "there can be but one original, effective, and dispositive instrument to be considered a last will and testament, and however so many copies of that original will, exact in every detail * * * there are, these copies remain just that: copies — copies useful to show what had existed in the case of a lost, spoliated or destroyed will, but utterly ineffectual to be used as a substitute for the original will." In re Steel (1966), 8 Ohio Misc. 133, 136.
 {¶ 7} Thus, when a person has made and executed a will, and upon his death the original cannot be found, there is a presumption that the decedent has revoked it. Behrens v. Behrens (1890), 47 Ohio St. 323, cited with approval, In re Estate of Haynes (1986), 25 Ohio St.3d 101. This presumption applies, even if the person presents the probate court with an exact copy of the original. In re Estate of Skinner (Dec. 9, 1985), Butler App. No. CA85-01-001. The presumption can be overcome only by clear and convincing evidence that the testator did not revoke it. R.C. 2107.26(B); In re Estate of Haynes, supra.
 {¶ 8} The record in this case does not contain any transcript of the hearing conducted by the probate court. In the absence of an adequate record, and since the probate court obviously applied the correct legal analysis, this court cannot find *Page 4 
the probate court abused its discretion in determining that appellant failed to sustain the burden of proof necessary to overcome the presumption. See, e.g., Tyrell v. Investment Assoc, Inc. (1984),16 Ohio App.3d 47; cf., Carr v. Howard (1969), 17 Ohio App.2d 233.
 {¶ 9} Accordingly, appellant's assignment of error is overruled.
 {¶ 10} The probate court's decision is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A.J., and MARY EILEEN KILBANE, J., CONCUR