[Cite as *In re Estate of Cornetet* , 2010-Ohio-4874.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

IN THE MATTER OF:                   :
                                    :   Case No. 09CA24
THE ESTATE OF                       :   **Released: October 1, 2010**
ROY CORNETET                        :   <u>DECISION AND JUDGMENT</u>
                                    :   <u>ENTRY</u>
_____
<u>APPEARANCES:</u>

Susan M. Zurface Daniels, Hillsboro, Ohio, for Appellant.

Chaley Peelle Griffith, Peelle Law Offices, Hillsboro, Ohio, for Appellee.
_____

McFarland, P.J.:

{¶1}    Mae Fern Miller, Appellant, appeals the decision of the Highland County Court of Common Pleas, Probate Division, admitting the lost will of Roy Cornetet to probate.  Appellee, Doris Sears, presented the lost will to the trial court pursuant to R.C. 2107.26, and the trial court found that the lost will met the statutory requirements.  Miller argues the trial court erred in 1) finding there was insufficient evidence to overcome the presumption that the will had been revoked; 2) excluding certain witness testimony as hearsay; 3) finding that there was no evidence of intent to revoke the will, as required by R.C. 2107.33.  However, because the trial court's order admitting the will to probate does not constitute a final appealable order, we must dismiss the current appeal.

## I. Facts

{¶2}     Roy Cornetet, the decedent whose estate is at issue in this appeal, had attorney Ronald Swonger prepare a will for him in March 2006. Cornetet's wife was deceased at the time the will was drafted.  Under the terms of the will, after four specific bequests, the rest of Cornetet's estate was to be equally divided between Doris Sears and Toy Fender.  Sears and Fender are nieces of Cornetet; their mother was the sister of Cornetet's late wife.  The will also named Sears as the executor of the estate.

{¶3}     Sears testified that before his death Cornetet had told her where the will was located in his home.  After Cornetet's death in March 2009, Sears was unable to locate the will.  She testified that other items of personal property were missing from the home as well.  Unable to provide the original will, Sears moved to admit a copy of the will for probate under R.C. 2107.26.  At the same time, she applied to administer the estate.  Mae Fern Miller, Cornetet's sister, objected to the admission of the copy of the will.  Miller further moved that she, herself, be appointed administrator.

{¶4}     The matter proceeded to trial in June 2009.  Miller's opposition to the admission of the copy of the will was based on the theory that the original will had not been lost.  Instead, she claimed Cornetet had revoked the will sometime before his death by destroying it.  To substantiate

her claim, Sears presented the testimony of Gerald Roche, a friend of

Cornetet.  Roche testified that while Cornetet was in the hospital,

immediately preceding his death, he told Roche that he had torn up the will.

Sears presented her own witnesses who testified that Cornetet had stated on

several occasions that he had a will and that Sears was going to be the

executor.  Further, there was testimony that Cornetet had stated such shortly

before he passed away.

{¶5}     The trial court subsequently found in favor of Sears and

ordered the copy of the will admitted to probate.  Miller appeals that order in

the current appeal.

II. Assignments of Error

First Assignment of Error

> THE TRIAL COURT ERRED IN ADMITTING THE
> UNEXECUTED, UNWITNESSED, UNSIGNED, AND UNDATED
> COPY OF DECEDENTS WILL TO PROBATE AS A LOST WILL
> PURSUANT TO O.R.C. § 2107.26, AS THE EVIDENCE
> PRESENTED WAS INSUFFICIENT AS A MATTER OF LAW TO
> OVERCOME THE PRESUMPTION THAT THE WILL WAS
> REVOKED.

Second Assignment of Error

> THE TRIAL COURT ERRED IN REFUSING TO CONSIDER THE
> TESTIMONY OFFERED BY THE OPPONENT OF THE
> UNEXECUTED, UNWITNESSED, UNSIGNED AND UNDATED
> COPY OF DECEDENTS WILL TENDING TO SHOW THAT THE
> WILL WAS NOT LOST, BUT HAD BEEN REVOKED, UPON
> APPLICATION OF THE RULES OF EVIDENCE AS THE SAME
> ARE INAPPLICABLE TO THIS TYPE OF PROCEEDING AND,

EVEN IF APPLIED, THE TESTIMONY FALLS WITHIN A DESIGNATED EXCEPTION.

Third Assignment of Error

THE TRIAL COURT ERRED IN FINDING THAT, EVEN IF THE STATEMENTS OF GERALD ROCHE WERE ADMISSIBLE, THERE WAS NO EVIDENCE OF INTENT TO REVOKE THE WILL AS REQUIRED BY O.R.C. § 2107.33 AND THAT, THEREFORE, THE OPPONENT HAD NOT MET HER BURDEN, AS THE PRESUMPTION OF REVOCATION ENCOMPASSES THE INTENT TO REVOKE.

### III. Final Appealable Order

{¶6}     Before an appellate court may consider the merits of an appeal, it must first determine whether the decision in question constitutes a final appealable order.  Under Ohio law, if an order is not final and appealable, appellate courts have no jurisdiction to review it.  *General Accident Insurance Co. v. Insurance Co. of North America* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266.  Even if the parties do not address the lack of a final appealable order, the reviewing court must raise the issue sua sponte. *Englefield v. Corcoran*, 4th Dist. No. 06CA2906, 2007-Ohio-1807, at ¶24 (Kline, J., dissenting); *Whitaker-Merrell Co. v. Geupel Construction Co.* (1972), 29 Ohio St.2d 184, 186, 58 O.O.2d 399, 280 N.E.2d 922.

{¶7}     Under R.C. 2505.02, an order is final when it is: an order that affects a substantial right in an action that in effect determines the action and prevents a judgment; an order that affects a substantial right made in a

special proceeding or upon a summary application in an action after judgment; an order that vacates or sets aside a judgment or grants a new trial; or an order that grants or denies a provisional remedy. R.C. 2505.02(B)(1)-(4). "A final order determines the whole case, or a distinct branch thereof, and reserves nothing for future determination, so that it will not be necessary to bring the cause before the court for further proceedings." *Savage v. Cody-Ziegler, Inc.*, 4th Dist. No. 06CA5, 2006-Ohio-2760, at ¶8, citing *Catlin v. United States* (1945), 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 and *Coey v. U.S. Health Corp.* (Mar. 18, 1997), Scioto App. No. 96CA2439.

{¶8}     In the case sub judice, the trial court's entry admitting the will to probate states that it is an appealable order and that there is no just cause for delay. But the trial court's use of such language does not make it so. A lower court's assertion that an order is final does not make appealable an otherwise nonappealable order. See, e.g., *Dickess v. Stephens*, 4th Dist. No. 04CA29, 2005-Ohio-1293, at ¶12. And Ohio courts have made it clear that an entry admitting a will to probate is not a final appealable order.

{¶9}     "[T]he exclusive relief from an order admitting a will to probate is the filing of a will contest action." *In re Estate of Barkasz v. Turjanyi* (Feb. 9, 1995), 8th Dist. No. 66905, at *2, citing *In re Frey's Estate*

(1942), 139 Ohio St. 354, 359, 40 N.E.2d 145.  Accordingly, a will contest is a condition precedent to challenging the admission of a will to probate.  "It is clear that there is no judgment or final order in respect to the probate and contest of the will binding upon a party interested until the termination of both proceedings."  *Frey* at 360.  "The order of the Probate Court admitting to probate is only a conditional order; otherwise there would be two final orders."  Id. at 361.  "As to the argument that the court erred in admitting the Will to probate * * *, we find it to be non-reviewable.  This order is non-reviewable because an order admitting the Will to probate is an interlocutory order, not a final order."  *Barkasz* at *2.  See, also, *Palazzi v. Estate of Gardner* (June 30, 1986), 12th Dist. No. CA85-10-135; *In the Matter of the Estate of Whitman* (April 4, 1980), 6th Dist. NO. WD-80-3.

{¶10}   Accordingly, in the case sub judice, the trial court's order admitting Cornetet's lost will to probate does not constitute a final order. And because Miller's appeal is based on that interlocutor order, we must dismiss it.

**APPEAL DISMISSED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court, Probate Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J. and Kline, J.: Concur in Judgment and Opinion.

For the Court,


BY:   _____
          Matthew W. McFarland
          Presiding Judge




**NOTICE TO COUNSEL**


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**