[Cite as *In re: Germalic*, 2018-Ohio-2650.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106409**

**IN RE: ESTATE OF
ANGELA GERMALIC**

[Appeal by James Germalic]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2015 EST 206390

**BEFORE:** Jones, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 5, 2018

**FOR APPELLANT**

James Germalic, pro se
5615 Alber Avenue
Parma, Ohio 44129

**ATTORNEYS FOR APPELLEE**

James P. Koscianski
John P. Koscianski
Koscianski & Koscianski Co., L.P.A.
5700 Pearl Road, Suite 302
Parma, Ohio 44129

**For Patricia A. Hurtuk**

Patricia A. Hurtuk, pro se
4676 Turney Road
Cleveland, Ohio 44125

LARRY A. JONES, SR., J.:

**{¶1}** Appellant James Germalic ("James") appeals the trial court's denial of his "Motion Regarding Disposition of House in Estate."   For the reasons that follow, we affirm.

**{¶2}** Angela Germalic ("decedent") died testate on December 6, 2013.   Her will named her son, Richard Germalic ("Richard"), as executor of her estate, and John Longo as successor executor if Richard was unable to serve.   The will made the following bequests:

> To my son Richard I give 60% of my money, plus the house on West 54th Street.
>
> To my son James I give 40 percent of my money with forty thousand now. To
>
> Lenore Kalom I give $10,000 plus my wedding ring. Also I give $5,000 to John
>
> Longo. I want my sons James or Richard to take care of my funeral arrangements.

**{¶3}** After the decedent's death, Richard contracted with Justin Zabor ("Zabor") of Zabor Funeral Homes in the amount of $13,403.75 for funeral services.   In the months following the decedent's death, no one took any steps to open an estate in which Zabor could have filed a claim for monies owed.   In April 2015, Zabor, acting as an agent for the funeral home, filed an application to probate the decedent's will and administer her estate.   Her will was admitted to probate in April 2015, and the court scheduled a hearing for June 2015.   In August 2015, the court appointed Zabor as administrator of the estate.

**{¶4}** James filed a pro se appeal contesting the court's decision to name Zabor as the administrator. This court affirmed the trial court's decision appointing Zabor. *In re Estate of Germalic*, 8th Dist. Cuyahoga No. 103380, 2016-Ohio-7885. Counsel for Zabor filed the estate's inventory, which showed that the estate's only asset was the house on West 54th Street in Cleveland and the estate's only liability was the funeral expenses. James filed exceptions to the inventory. The court set the matter for a hearing. Counsel for Zabor appeared but James failed to appear so the magistrate dismissed James's exceptions to the inventory.

**{¶5}** Zabor filed his final fiduciary's account on August 7, 2017, which showed that Zabor Funeral Homes had received full payment of funeral services from Richard and that the only estate asset was the house on West 54th Street worth $121,400. Zabor moved to resign as administrator of the estate.

**{¶6}** James subsequently filed a motion titled "Motion Regarding Disposition of House in Estate" and requested a hearing. The court scheduled a hearing, but cancelled the hearing prior to the hearing date and issued a judgment entry denying James's motion. In the judgment entry denying James's motion, the court reasoned that "the Last Will and Testament of Angela Germalic contains a specific bequest of the house on West 54th Street to her son Richard G. Germalic." The court transferred ownership of the house to Richard in September 2017.

**{¶7}** James filed a pro se notice of appeal. On appeal, James contends that the trial court erred in denying him a hearing on his motion and in denying his motion.

**{¶8}** James contends that the trial court erred when it denied him a hearing on his motion; he argues that he is owed either 40 percent of $300,000 he claims his mother had in certificates of deposit ("CD") accounts or 40 percent of the value of the house. James contends that while his mother was alive, she was in possession of CD accounts that she meant to be part of the estate but

Richard "hid her bank books" and she was unable to convert the CD accounts into cash deposits prior to her death.

**{¶9}** R.C. 2109.32(A) provides that "[e]very fiduciary's account required by section 2109.301, 2109.302, or 2109.303 of the Revised Code shall be set for hearing before the probate court. The hearing on the account shall be set not earlier than thirty days after the filing of the account." At the hearing,

> the court shall inquire into, consider, and determine all matters relative to the account and the manner in which the fiduciary has executed the fiduciary's trust, including the investment of trust funds, and may order the account approved and settled or make any other order that the court considers proper. If, at the hearing upon an account, the court finds that the fiduciary has fully and lawfully administered the estate or trust and has distributed the assets of the estate or trust in accordance with the law or the instrument governing distribution, as shown in the account, the court shall order the account approved and settled and may order the fiduciary discharged.

*Id*.

**{¶10}** In this case, James filed a motion titled "Exceptions to Account" on April 26, 2016. The trial court set a hearing for April 13, 2017, and the parties were properly notified of the hearing but James did not show for the hearing or otherwise request that the hearing be continued. The magistrate overseeing the hearing recommended that James's motion be dismissed without prejudice for want of prosecution. James did not object to the magistrate's decision. On May 1, 2017, the trial court adopted the magistrate's decision, dismissing James's motion and approving the administrator's first partial account.

**{¶11}** Zabor filed the final fiduciary account the following month, June 2017. James filed his "Motion Regarding Disposition of House in Estate" on August 10, 2017, asking the trial court to divide the house between him and his brother with him (James) receiving 40 percent of the house. The trial court initially set the motion for a hearing but subsequently cancelled the hearing and overruled James's motion, finding that the decedent had bequeathed the house to Richard.

**{¶12}** Once a will is entered into probate, there is a presumption that it is valid. *Mattax v. Moore*, 72 Ohio App.3d 647, 649, 595 N.E.2d 969 (11th Dist.1991), citing *Hutson v. Hartley*, 72 Ohio St. 262, 74 N.E. 197 (1905). It does not appear that James filed any action contesting the decedent's will; in fact, he repeatedly asserts in his numerous filings with probate court that his mother's will is valid. The crux of James's argument is that his mother intended for him to receive something from her estate so he should be given 40 percent of the alleged $300,000 or 40 percent of the value of the house. The problem is that the $300,000 that James alleges is in the form of CD accounts is not part of the decedent's estate. James has not come forth with any evidence that this money, if it even exists, should have been added to the accounting as an estate asset.

**{¶13}** A hearing of exceptions to an inventory, pursuant to R.C. 2115.16, is a summary proceeding conducted by the probate court to determine whether those charged with the responsibility of filing an inventory have included in the decedent's estate more or less than the decedent owned at the time of his or her death. *In re Estate of Etzensperger*, 9 Ohio St.3d 19, 21, 457 N.E.2d 1161 (1984), citing *In re Estate of Gottwald*, 164 Ohio St. 405, 131 N.E.2d 586 (1956), paragraph one of the syllabus. If James had wanted to object to the estate's inventory and claim that money his mother had should be considered an estate asset, he had his opportunity

to do so at the hearing held on April 13, 2017. But James did not appear at that hearing, so the magistrate ordered his motion dismissed.

**{¶14}** Civ.R. 53(E)(3)(b)(iv) provides that

> except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

Thus, James's failure to file timely written objections to the magistrate's decision to dismiss his exceptions to the account means that he is barred from assigning as error on appeal the trial court's adoption of the magistrate's decision.

**{¶15}** We further note that this court is unaware of what occurred at the April 13 hearing because James has not filed a transcript of the hearing, or provided us with any substitute statement of the evidence. Therefore, we presume regularity of the trial court's proceedings. *See In re Estate of Germalic*, 8th Dist. Cuyahoga No. 103380, 2016-Ohio-7885, at ¶ 25.

**{¶16}** The trial court also did not err when it failed to hold a hearing on James's motion with regard to the disposition of the house. Loc.R. 40.1(A) of the Court of Common Pleas for Cuyahoga County, Probate Division, states: "Motions, in general, shall be submitted and determined upon the pleadings and motion papers. Oral arguments of motions may be permitted at the discretion of the Court." The decedent's will bequeathed the house on West 54th Street in its entirety to her son Richard. There is nothing in the record that suggests that the probate court abused its discretion in deciding the motion without hearing oral argument nor did the trial court err when it transferred the entirety of the interest in the house to Richard.

**{¶17}** The assignment of error is overruled.

**{¶18}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Probate Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR