[Cite as *In re Estate of Titus*, 2025-Ohio-4798.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF:<br>THE ESTATE OF TODD M. TITUS,<br>aka TOD TITUS,<br>aka TODD MARTIN TITUS,<br><br>   (Jennifer Titus, Appellant). | Case No. 25 CAF 04 0028<br><br><u>Opinion & Judgment Entry</u><br><br>Appeal from the Court of Common Pleas<br>of Delaware County,<br>Probate Division,<br>Case No. 2407 0975 PES<br><br>Judgment:  Appeal Dismissed<br><br>Date of Judgment:  October 20, 2025 |

BEFORE: Andrew J. King; Kevin W. Popham; David M. Gormley, Judges

APPEARANCES: Douglas W. Warnock, Katherine M. Snider, and Sherri K. Rutherford, for Appellant Jennifer Titus; Shamus B. Cassidy and Tom Shafirstein, for Appellees Eric Titus and Daniela I. Rodriguez Quiroz

*Gormley, J.*

**{¶1}** In this appeal from a probate court, Appellant Jennifer Titus argues that her late husband had revoked a will that he had prepared years earlier, and Jennifer urges us to find that the trial judge erred by admitting that will in the husband's probate case. Because we find that the probate judge's decision to admit the will to probate was not a final and appealable order, we now dismiss Jennifer's appeal.

**The Key Facts**

**{¶2}** After the death of her husband in 2024, Jennifer Titus could not locate a will for him, and she believed that he had probably never executed one.  Jennifer asked the probate court in her home county for the authority to administer her late husband's estate without a will.

**{¶3}** The decedent's son from an earlier marriage — Eric Titus — then applied for the admission in the probate court of a will that his father had purportedly prepared several years before the decedent and Jennifer married. Eric claimed that the copy he tendered to the probate court had been located in the office of the attorney who had prepared that will in 2014.

**{¶4}** A magistrate of the probate court held a hearing on Eric's application and then recommended that the copy of the will be admitted to probate. Jennifer filed objections, but the probate judge overruled them and adopted the magistrate's decision. Jennifer now appeals.

## The Trial Court's Decision to Admit the Will to Probate Is Not a Final and Appealable Order

**{¶5}** Jennifer Titus argues here that the probate court's decision to admit a copy of the will signed by her late husband runs counter to R.C. 2107.26. That statutory provision spells out the burden of proof that the proponent of a "lost, spoliated, or destroyed" will must meet when seeking the admission to probate of such a will, and that provision also establishes a burden of proof for any opponent of the will's admission when that opponent seeks to show that the decedent had revoked the will.

**{¶6}** Before addressing the merits of this or any other appeal, though, we must first determine whether the decision that we have been asked to review is in fact a final and appealable order. "If an order is not final and appealable, the appellate court is without jurisdiction to review the matter and must dismiss the appeal." *In re Cletus P. McCauley & Mary A. McCauley Irrevocable Trust*, 2014-Ohio-3489, ¶ 31 (5th Dist.), citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). Even though the parties in this case did not question the appealability of the trial court's order, we can and

should always ensure that any appeal is properly before us.  *Weldele v. Brice*, 2022-Ohio-3246, ¶ 10 (10th Dist.) ("If the parties themselves fail to raise the issue of whether or not a judgment constitutes a final, appealable order, we must raise the issue sua sponte") (quotations omitted); *In re Estate of Cornetet*, 2010-Ohio-4874, ¶ 6 (4th Dist.), citing *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186 (1972).

{¶7}    The probate court's entry concluded with an admonition that "this is a final appealable order."   A trial court's use of that language, however, "does not make appealable an otherwise nonappealable order."  *Estate of Cornetet* at ¶ 8.  *See also Superior Office Space, LLC v. Carpenter*, 2023-Ohio-967, ¶ 31 (4th Dist.) ("appellate courts are not bound by a trial court's determination or statement that a judgment constitutes a final appealable order"); *Palmer v. Westmeyer*, 48 Ohio App.3d 296, 302 (6th Dist. 1988) ("A finding of 'no just reason for delay' . . . does not make appealable an otherwise non-appealable order") (quotations omitted).

{¶8}    And Ohio courts have repeatedly said that an entry admitting a will to probate is not a final and appealable order.  *See Matter of Estate of Brown*, 2021-Ohio-655, ¶ 9 (11th Dist.), quoting *In re Frey's Estate*, 139 Ohio St. 354 (1942), paragraph one of the syllabus ("Generally, '[a]n order of the Probate Court admitting an instrument to probate as a last will is not reviewable on appeal.'"); *Estate of Cornetet* at ¶ 8 ("Ohio courts have made it clear that an entry admitting a will to probate is not a final appealable order").   Such an order is not final because it does "'not prevent a judgment or determine the action.'"  *Mattax v. Moore*, 72 Ohio App.3d 647, 650 (7th Dist. 1991), quoting *Barber v. Barber*, 1982 WL 5724, *2 (11th Dist. Dec. 23, 1982).

**{¶9}** The proper method for challenging the validity of a will that has been admitted to probate is by contesting the will under R.C. 2107.71. *Id*. at 651. *See also Frey's Estate* at 360 (the only mode of challenging the validity of a will that has been admitted to probate is through a will-contest action).

**{¶10}** Because the probate court's decision admitting the decedent's will to probate was not a final and appealable order, this appeal is dismissed.

**{¶11}** Any costs are to be paid by Appellant Jennifer Titus.


By: Gormley, J.;

King, P.J. and

Popham, J. concur.